IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MARCH 1998 SESSION



FILED

April 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,

    Appellee,

V.

ANTHONY EUGENE MOORE,

    Appellant.

)
)
) C.C.A. No. 03C01-9706-CR-00212
)
) Knox County
)
) Honorable Ray L. Jenkins, Judge
)
) (Sentencing)
)
)

FOR THE APPELLANT:

Leslie M. Jeffress
Attorney at Law
1776 Riverview Tower
900 S. Gay Street
Knoxville, TN 37902

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General

Leon Franks
Assistant District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In December 1994, Anthony Eugene Moore pled guilty to the sale of less than one-half gram of cocaine and to possession of more than one-half gram of cocaine with the intent to sell. He was sentenced to eight years for intent to sell and to three years for the sale of less than one-half gram, with the sentences to run consecutively. After serving nine months in jail, the appellant was released on the Community Alternatives to Prison Program (CAPP). Once released, the appellant violated the conditions of his probation, and on January 5, 1996, he was arrested. His probation violations were as follows: rule (3), failure to make a full and truthful report to his case manager; rule (8), failure to pay court costs; rule (9), failure to perform community service; rule (10), failure to pay community corrections fees; and rule (14), failure to report.

The record indicates that the appellant was released on the CAPP program twice again. However, he continued to violate provisions of his probation. On January 30, 1997, the trial court revoked the appellant's probation and reinstated his original sentence of eleven years. He now appeals that judgment.

The appellant contends that he failed to report to CAPP in November 1996 because he was supposedly attacked by some men from a gang who had shot him in 1994. He claims that he did not report the incident because he feared retaliation. He claimed that he went to live with his girlfriend and did not report his change of address to CAPP.

Pauline Walker, a CAPP supervisor, testified at the appellant's revocation hearing that the rules about reporting and complying with the conditions of his release had been explained to the appellant. The appellant had performed only three of the 1056 hours of community service that he was to perform and had apparently paid nothing toward the court costs that he owed.

The record of the trial court supports the court's ruling. The appellant failed to take advantage of the numerous opportunities that he had already been given. The trial court did not abuse its discretion by revoking the appellant's probation and reinstating his original sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Also, "[u]pon revocation, the original sentence imposed can be placed into effect." Tenn. Code Ann. § 40-35-310 (1990) Sentencing Commission Comments. Finding no error in the trial court's ruling, we affirm the judgment.

_____

PAUL G. SUMMERS, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

CORNELIA A. CLARK, Special Judge